HUBBARD *vs.* VAN DYKE and another.

The charge of misrepresentation as to the value and condition of the articles, the purchase money for which the mortgage was given to secure, and of bad faith in other parts of the transaction—*held* not to be established. Decree for complainant, with the usual reference.

On final hearing, on pleadings and proofs.

*Mr. J. Dixon,* for complainant.

*Mr. E. S. Cowles,* for Susan Van Dyke.

THE CHANCELLOR.

The complainant's bill is filed to foreclose two mortgages, made by the defendant, Susan A. Van Dyke, on the same land in Jersey City, one dated September 27th, 1871, for $3000 and interest, the principal being payable in two years from its date, and the other dated February 3d, 1872, for $1500, payable in one year from date, with interest. The first was given to Howard B. Van Dyke, son of the mortgagor, and by him assigned to the complainant, and the other was given to the complainant. The latter was due when the bill was filed, the other was not.

Mrs. Van Dyke, in her answer, alleges that the complainant, on or about the 18th day of January, 1872, sold to her two hundred sewing machines, at the price of $10 each, and as an inducement to her to purchase them, represented that they were perfect in construction, and merchantable, and worth the price she agreed to pay ; that at the same time the complainant lent her $1500 in cash, and that thereupon she executed and delivered to her son, Howard B. Van Dyke, the mortgage for $3000, with the bond for the same amount, which it was made to secure, and that on the same day they were assigned by him to the complainant ; that that bond and mortgage were made to Howard B. Van Dyke, at

the complainant's request, and that they were given to secure the payment of the loan of $1500, and $1500 of the price ($2000) of the machines ; that it was agreed, that Mrs. Van Dyke should at once have possession of the machines, or of the greater part of them, the complainant to retain possession of only enough to secure him for the remaining $500 of the purchase money ; that the complainant, after he had received the bond and mortgage, refused to deliver any of the machines to her, up to the 3d of February, 1872, when, in order to get possession of them, she was constrained to give him the bond and mortgage for $1500, to secure the $500 and $300 in addition thereto, the amount of a further loan he then made to her.

The answer alleges, that the complainant caused the mortgage of $3000, to be ante-dated, so as to appear to have been given on the 27th of September, 1871, and procured a corresponding false certificate of acknowledgment to be written upon it. It further alleges, that when Mrs. Van Dyke obtained possession of the machines, she found them imperfect and unmerchantable, to such an extent as not to be worth over $1500.

This defence is not sustained, but is overthrown by the testimony. The weight of the evidence is that the price agreed to be paid for the machines, when the mortgage for $3000 was given, was not $2000, but $2500 ; that that sale was not made to Mrs. Van Dyke, but to her son Howard, and that it was agreed, at the time of the sale, that the complainant should give to Howard, for the mortgage of $3000, the machines and $500 in cash, and that he should, thereupon, re-purchase the machines from his vendee, for the sum of $1000, on the agreement to resell them to the latter, on demand, within a short period of time, for an advance of one dollar on each machine ; the vendee, thus by the agreement for re-sale, securing to himself the opportunity of reaping the profit from them, which was large, it being proved by Samuel Van Dyke, another son of Mrs. Van Dyke, her chief witness and agent, that the retail price of the machines was $40 for

some and $45 for others, and that their average wholesale price was $28.

The complainant's testimony, that the sale was to Howard, and not to his mother, and that the price was, as complainant alleges, $2500 instead of $2000, receives strong corroboration from what must be regarded as the refusal of Mrs. Van Dyke, to produce the invoice delivered to Howard at the time of the sale. This paper was in the hands of Samuel. In his testimony he admitted that it was then in his safe, and, though notified to produce it, he did not do so, nor did he account for his failure to do it.

It appears by the evidence, that the complainant, on the day of the sale, which seems to have been on or about January 20th, 1872, paid to Howard, by his check, payable to the order of the latter, $1500 in cash, in pursuance of their agreement, and that the assignment of the mortgage for $3000, was then delivered to him.

The statement of the answer in regard to the alleged ante-dating of that mortgage, and procuring a false certificate of acknowledgment, appears to be wholly unfounded. Indeed the weight of the evidence is, that the mortgage in question was not made, as alleged in the answer, but was given at or about the time of its date, September 27th, 1871, to Howard, by his mother, for an interest in real estate, conveyed by him to her, and it appears that at the time of the assignment of the mortgage, Mrs. Van Dyke's certificate, that that mortgage and the bond, the payment of which it was intended to secure, were given "for value received by her, and that the full sum of $3000, was due thereon, without offset, and that there was no defence to the same, either in law or equity," was delivered to the complainant with the bond and mortgage.

The evidence shows, that on the 6th of February, 1872, Mrs. Van Dyke proposed to purchase the machines from the complainant, for the price of $1200, according to the agreement above mentioned, and that they were sold and delivered to her accordingly, for that price, for the amount of which, and the sum of $300, then paid by him to her in cash, she

executed and delivered to him the bond and mortgage for $1500. Her son Samuel, who was, as before remarked, her agent in this matter, and transacted the whole business, testifies that "when this mortgage was made, it was intended as a final settlement, and was made in good faith." The charge of misrepresentation as to the value or condition of the machines, is not established.

The complainant is entitled to a decree for the amount of the principal of his mortgages, with the interest, and the insurance premium paid by him under the covenant in that behalf contained in the mortgage for $1500. There will be the usual reference to a master.